Minkoff, Appellant, *v*. McLean et ux.

Argued January 14, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Hyman Shane*, with him *George Ross*, for appellant.

*J. H. Buckman*, of *Buckman & Buckman*, for appellee, was not heard.

PER CURIAM, January 28, 1929:

The point involved is adequately covered by the following excerpts from the opinion of the court below: "Plaintiff sued to recover an alleged breach of [written] contract [dated] November 4, 1925. The plaintiff was appointed 'sole and exclusive agent to sell [certain] lots, for a period of one year from the date' of the agreement, upon the terms and conditions set forth therein. The sixth paragraph of the agreement provides [that] 'The party of the second part agrees and covenants that he will carry on an active selling campaign at all times and maintain a selling force of at least three salesmen ......and that he shall not be released from within agreement until said tract of lots is 100% sold.' Plaintiff's statement avers that his agency was to continue 'for a period of one year and until the lots should be 100% sold.' The question of the interpretation of this agreement is raised by the affidavit [of defense]. The agreement distinctly limits the period of the agency to one year. The language of the further provision is peculiar, but cannot be sustained to extend the period. The party of the second part agrees 'that he shall not be released from the within agreement until said tract of lots is 100% sold.'......The contract is to be interpreted that within the period of one year the plaintiff is not to be released from his contract unless the

lots are 100% sold. It is a settled rule of interpretation, to which there is no exception, that, if possible, a contract must be so interpreted as to give effect to all of its provisions.......To accept the construction that the sixth paragraph extends the agency of plaintiff beyond one year is to nullify the provision of the contract limiting it to one year. Paragraph 6 is one of the conditions upon which the agreement of employment for one year is based. The statement of claim avers a breach of this contract, but does not state the time within which it occurred;......it is important to aver that it occurred while the agreement was in force, for afterward there could be no breach. The statement of claim is also vague and indefinite [in that] it does not specify the acts or acts......that it construes as a breach of the agreement.......For these reasons......we think the statement insufficient [and] judgment is entered for the defendant upon the affidavit raising questions of law."

The judgment is affirmed.